OPINION OF THE COURT
Eugene E. Peckham, S.
This is a petition pursuant to SCPA 2108 by the executrix of the estate of Dr. John R. Grasso for an extension of the time for continuation of the practice of a deceased dentist.
Dr. Grasso died on August 10, 2002 and letters testamentary were issued to his widow, Martha Grasso, on October 21, 2002. The petition for the extension was filed on June 26, 2003.
*917 SCPA 2108 now provides as follows:
“A fiduciary may petition for the continuation of a business other than a profession, of which decedent or the person whose estate is being administered was sole owner and it is desired to continue it for the best interests of the estate; provided, however, that a fiduciary may petition for the continuation of a deceased dentist’s practice for a period not to exceed eight months, if such practice is continued by a person licensed to practice dentistry in this state.” (Emphasis added.)
Section 2108 was amended by Laws of 1997 (ch 475) to add the provision permitting continuation of a dental practice “for a period not to exceed eight months.” The Sponsor’s Memorandum of Support states the justification for the amendment as follows:
“This bill would allow a fiduciary to petition for the continuation of a deceased dentist’s practice, for a period not to exceed eight months, by a licensed dentist. By allowing for the continuation of the practice during this period, the estates affairs could be settled in an orderly and stable fashion, while protecting and preserving the overall value of same.” (1997 McKinney’s Session Laws of NY, at 2455 [emphasis added].)
An important rule of statutory construction is that “Words of ordinary import used in a statute are to be given their usual and commonly understood meaning * * (McKinney’s Cons Laws of NY, Book 1, Statutes § 232.) When both the statute itself and the Memorandum of Support say the period for continuation of a dental practice is “not to exceed eight months” the ordinary meaning would be that the period of continuation cannot be more than eight months and cannot be extended beyond eight months. In this case, whether the period starts to run from the date of death or the date of appointment of the executrix, the eight months has passed.
In People v Medjdoubi (173 Misc 2d 259 [Sup Ct, NY County 1997]), the defendant stole property with a value of exactly $1,000. He was accused of grand larceny in the fourth degree which requires that the value of the stolen property “exceeds one thousand dollars.” The court held that the defendant could not be found guilty of that charge because the value of the stolen property did not exceed $1,000. “The Legislature’s inclusion of the word ‘exceeds’ in the statutes may not simply be ignored.” (Medjdoubi, supra at 264.)
*918 Similarly, the Legislature’s use of the words “not to exceed” may not be ignored. When the Legislature clearly draws a line it may not be crossed. June 26, 2003 is more than eight months from either the date of decedent’s death or the date of appointment of the executrix. Accordingly, the court declines to entertain the petition for an extension of the time to operate the dental practice. The petition is dismissed.